

**Affidavit Accompanying Motion for Permission to Proceed in the District court and/or on Appeal in Forma Pauperis in Habeas Corpus Cases under 28 U.S.C. Sections 2241 and 2254.**

### United States District Court for the Eastern District of Pennsylvania

_Jermel Shuler_
(Plaintiff)

v.

_Louis Folino_
(Defendant(s))

F I L E D

OCT _ 7 2004

By _____ Dep. Clerk

District Court Case No. _0 4-4704_

---

### Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed: _Jermal Shuler_

### Instructions

Complete all questions in the application and then sign it. Do not leave any blanks. If the answer to a question is "O," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: _Sept 29 - 04_

---

My issues are:

_Sufficiency of the Evidence for 2nd degree_
_Murder. Innocent Man_

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months.  Adjust any amount that was received weekly, quarterly, semiannually, or annually to show the monthly rate.  Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during During the past 12 months | Amount expected Next month |
|---|---|---|
| | You | You |
| Employment | $ _O_ | $ _O_ |
| Self-employment | $ _O_ | $ _O_ |
| Income from real property (such as rental income) | $ _O_ | $ _O_ |
| Interest and Dividends | $ _O_ | $ _O_ |
| Gifts | $ _O_ | $ _O_ |
| Alimony | $ _O_ | $ _O_ |
| Child Support | $ _O_ | $ _O_ |
| Retirement (such as social security, pensions, annuities, insurance) | $ _O_ | $ _O_ |
| Disability (such as social security, in-surance payments) | $ _O_ | $ _O_ |
| (Unemployment payments | $ _O_ | $ _O_ |
| Public Assistance (such as welfare) | $ _O_ | $ _O_ |
| Other specify): | $ _O_ | $ _O_ |
| Total monthly income: | $ | $ |

2. List your employment history, most recent employer first.  (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|----------|---------|---------------------|-------------------|
| N/A | N/A | N/A | N/A |

3. List your spouse's employment history, most recent employer first.  (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|----------|---------|---------------------|-------------------|
| N/A | N/A | N/A | N/A |

4.  How much cash do you and your spouse have?     $     0

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of account | Amount you have | Amount your spouse Has |
|-----------------------|-----------------|-----------------|------------------------|
| N/A | N/A | N/A | N/A |

If you are a prisoner, you must attach a statement *certified by the appropriate institutional officer* showing all receipts, expenditures, and balances during the last six months in your institutional accounts.  If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account

5. List the assets, and their values, which you own or your spouse owns.  Do not list clothing and ordinary household furnishings.

15

**Home (Value)**          **Other estate**     **Real (Value)**

_N/A_          _N/A_

**Motor Vehicle #1**
**Value** _____
**Make & Year** _____
**Model:** _____ _N/A_
**Registration #:** _____

**Motor vehicle #2**
**Value** _____
**Make & year:** _____
**Model:** _____ _N/A_
**Registration #** _____

**Other Assets**              **Value of other assets**

_O_              _O_

**6. State every person, business, or organization owing your or your spouse money, and the amount owed.**

**Person owing you or your**     **Amount owed to you**        **Amount owed to your spouse**
    **Spouse money**

_N/A_          _N/A_          _N/A_

**7. State the persons who rely on you or your spouse for support.**

**Name**                        **Relationship**     **Age**

_N/A_          _N/A_          _N/A_

16

8. Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your spouse.  Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate:

|  | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ 0 | $ 0 |
| Are real-estate taxes included? | Yes  N/A | No  N/A |
| Is property insurance included: | Yes  N/A | No  N/A |
| Utilities (electricity, heating fuel, water, sewer and Telephone) | $ | $ |
| Home maintenance (repairs & upkeep) | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry & Dry-Cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation (not including motor vehicle payments) | $ | $ |
| Recreation, entertainment, newspapers magazines, etc. | $ | $ |
| Insurance, not deducted from wages or included in Mortgage payments) | $ | $ |
| Homeowner's or renter's | | |
| Life | $ | $ |
| Health | $ | $ |
| Motor Vehicle | $ | $ |
| Other: | $ | $ |
| Taxes (not deducted from wages or included in mortgage payments) (specify):_____ | | |
| Installment payments | $ | $ |
| Motor Vehicle | $ | $ |
| Credit card | $ | $ |
| (Name)_____ | | |
| Department store (Name): _____ | $ | $ |
| Other_____ | $ | $ |
| Alimony, maintenance, and support Paid to others | $ N/A | $ N/A |
| Regular expenses for operation of | | |

17

business, profession, or farm (attach detailed statement)                    $ _____ N/A       $ _____ N/A

**TOTAL MONTHLY EXPENSES:**                    $ _____ N/A       $ _____ N/A

9. Do you expect any major changes in your monthly income or expenses or in your assets or liabilities during the next 12 months?

Yes _____   No __✓___   If yes, describe on an attached sheet.       N/A

10. Have you paid or will you be paying an attorney any money for services in connection with this case, including the completion of this form?  Yes ___   No __✓__
If yes, state the attorney's name, address, and telephone number:

_____ N/A _____

11.  Have you paid - or will you be paying- anyone other than an attorney (such as a paralegal or typist) any money for services in connection with this case, including the completion of this form?

Yes _____  No __✓__

If yes, how much?       $ _____ N/A _____

If yes, state the person's name, address, and telephone number:

_____ N/A _____

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.   INDIGENT

13. State the address of your legal residence.
175 PROGRESS DRIVE WAYNESBURG, PA. 15370

18

Your daytime phone number: ___215 229-0755___

Your age: ___25___          Your years of schooling: ___12___

Your Social Security number: ___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___

I declare under the penalty of perjury that the foregoing is true and correct:

_Jesmal Shuler_

~~Petitioner's signature~~

Executed on ___Sept 29-04___

(DATE)

19

## CERTIFICATION

I hereby certify that the petitioner herein has the sum of $ _9.09_ on account to his credit at the _SCI Greene_ Institution where he is confined.  I further certify that petitioner likewise has the following securities to his credit according to the records of said _N/A_ Institutions: _____

_Joni Kennedy CT2_
AUTHORIZED PRISON OFFICIAL

_10/1/04_
DATE

```
PA DEPT. OF CORRECTIONS        INMATE ACCOUNTS SYSTEM         RUN      IAS365
BUREAU OF COMPUTER SERVICES      PARTIAL ACCOUNT LISTING        DATE 10/01/2004
REMOTE PRINT TIME 15:48             FROM PURGE FILE             PAGE        1
```

| INMATE NUMBER | NAME LAST | FIRST | MI | STARTING BALANCE |
|---|---|---|---|---|
| DV8750 | SHULER | JERMEL | | -2.05 |

| BATCH # | DATE MO DY YEAR | | TRANSACTION DESCRIPTION | | TRANSACTION AMOUNT | BALANCE AFTER TRANSACTION |
|---|---|---|---|---|---|---|
| 7216 | 01-05-2004 | 13 | PERSONAL GIFT FROM ROBERT TAYLOR | G525384 | 20.00 | 17.95 |
| 7255 | 01-07-2004 | 10 | MAINTENANCE PAYROLL 12/01/03-12/31/03 PAYROLL | | 16.56 | 34.51 |
| 7275 | 01-09-2004 | 37 | POSTAGE | | -4.65 | 29.86 |
| 8009 | 01-09-2004 | 32 | GRN COMMISSARY FOR  1/09/2004 | | -26.08 | 3.78 |
| 8016 | 01-16-2004 | 32 | GRN COMMISSARY FOR  1/16/2004 | | -3.74 | .04 |
| 7346 | 01-20-2004 | 37 | POSTAGE | | -.60 | -.56 |
| 7355 | 01-21-2004 | 14 | MISCELLANEOUS HOLABIRD SPORTS | G342678 | 60.05 | 59.49 |
| 7417 | 01-28-2004 | 30 | PERSONAL GIFT TO SHIRLEY SHULER | | -59.49 | .00 |
| 7497 | 02-05-2004 | 10 | MAINTENANCE PAYROLL 01/01/04-01/31/04 PAYROLL | | 14.40 | 14.40 |
| 8037 | 02-06-2004 | 32 | GRN COMMISSARY FOR  2/06/2004 | | -14.39 | .01 |
| 7532 | 02-10-2004 | 37 | POSTAGE | | -.60 | -.59 |
| 7583 | 02-19-2004 | 13 | PERSONAL GIFT FROM ROBERT TAYLOR | G538660 | 10.00 | 9.41 |
| 8055 | 02-24-2004 | 32 | GRN COMMISSARY FOR  2/24/2004 | | -9.25 | .16 |
| 7704 | 03-04-2004 | 10 | MAINTENANCE PAYROLL 02/01/04-02/29/04 PAYROLL | | 10.80 | 10.96 |
| 7727 | 03-05-2004 | 44 | ORGANIZATIONAL HOOP-4-A-CURE | | -2.00 | 8.96 |
| 8070 | 03-10-2004 | 32 | GRN COMMISSARY FOR  3/10/2004 | | -8.94 | .02 |
| 7951 | 03-30-2004 | 14 | MISCELLANEOUS IGWF 88612 | G421344 | 59.49 | 59.51 |

```
                     BALANCE AFTER THESE TRANSACTIONS------>        59.51
```

```
PA DEPT. OF CORRECTIONS        INMATE ACCOUNTS SYSTEM        RUN      IAS365
BUREAU OF COMPUTER SERVICES     PARTIAL ACCOUNT LISTING      DATE 10/01/2004
REMOTE PRINT TIME 15:48            FROM PURGE FILE           PAGE        1
```

| INMATE | NAME | | | | |
|--------|------|---|---|---|---|
| NUMBER | LAST | | FIRST | MI | STARTING BALANCE |
| DV8750 | SHULER | | JERMEL | | 59.51 |

| BATCH # | DATE MO DY YEAR | | TRANSACTION DESCRIPTION | | TRANSACTION AMOUNT | BALANCE AFTER TRANSACTION |
|---|---|---|---|---|---|---|
| 7995 | 04-05-2004 | 31 | OUTSIDE PURCHASES HOLABIRD SPORTS | | -55.00 | 4.51 |
| 6 | 04-06-2004 | 10 | MAINTENANCE PAYROLL PAYROLL 3/1/04-3/31/04 | | 15.84 | 20.35 |
| 8 | 04-06-2004 | 37 | POSTAGE | | -.60 | 19.75 |
| 8100 | 04-09-2004 | 32 | GRN COMMISSARY FOR  4/09/2004 | | -19.39 | .36 |
| 60 | 04-12-2004 | 14 | MISCELLANEOUS IGWF #90321 | G860776 | 55.00 | 55.36 |
| 61 | 04-12-2004 | 37 | POSTAGE | | -.60 | 54.76 |
| 72 | 04-13-2004 | 13 | PERSONAL GIFT FROM ROBERT TAYLOR | G860792 | 25.00 | 79.76 |
| 91 | 04-14-2004 | 31 | OUTSIDE PURCHASES HOLABIRD SPORTS | | -51.00 | 28.76 |
| 8120 | 04-29-2004 | 34 | GRN CABLE  TV FOR  4/29/2004 | | -17.95 | 10.81 |
| 295 | 05-06-2004 | 10 | MAINTENANCE PAYROLL 04/01/04-04/30/04 PAYROLL | | 15.84 | 26.65 |
| 427 | 05-24-2004 | 13 | PERSONAL GIFT FROM RICKEYA PERRY | G948905 | 50.00 | 76.65 |
| 8146 | 05-25-2004 | 32 | GRN COMMISSARY FOR  5/25/2004 | | -9.78 | 66.87 |
| 8148 | 05-27-2004 | 34 | GRN CABLE  TV FOR  5/27/2004 | | -17.95 | 48.92 |
| 518 | 06-04-2004 | 10 | MAINTENANCE PAYROLL PAYROLL 5/1/04-5/31/04 | | 14.40 | 63.32 |
| 600 | 06-15-2004 | 13 | PERSONAL GIFT FROM SHIRLEY SHULER | H076208 | 25.00 | 88.32 |
| 603 | 06-15-2004 | 37 | POSTAGE UPS | | -3.91 | 84.41 |
| 615 | 06-16-2004 | 13 | PERSONAL GIFT FROM ROBERT TAYLOR | H076291 | 25.00 | 109.41 |
| 637 | 06-18-2004 | 13 | PERSONAL GIFT FROM REGINALD HELMS | G196754 | 20.00 | 129.41 |
| 680 | 06-23-2004 | 31 | OUTSIDE PURCHASES CELL SHOP | | -18.29 | 111.12 |
| 8176 | 06-24-2004 | 34 | GRN CABLE  TV FOR  6/24/2004 | | -17.95 | 93.17 |
| 718 | 06-28-2004 | 14 | MISCELLANEOUS HOLABIRD SPORTS | H127588 | 45.95 | 139.12 |
| 746 | 06-29-2004 | 31 | OUTSIDE PURCHASES HOLABIRD SPORTS | | -16.95 | 122.17 |

```
                    BALANCE AFTER THESE TRANSACTIONS------>        122.17
```

```
PA DEPT. OF CORRECTIONS          INMATE ACCOUNTS SYSTEM           RUN      IAS365
BUREAU OF COMPUTER SERVICES       PARTIAL ACCOUNT LISTING          DATE 10/01/2004
REMOTE PRINT TIME 15:48              FROM ACTIVE FILE              PAGE         1
```

| INMATE | NAME | | | | |
|--------|------|---|---|---|---|
| NUMBER | LAST | | FIRST | MI | STARTING BALANCE |
| DV8750 | SHULER | | JERMEL | | 122.17 |

| BATCH # | DATE MO DY YEAR | | TRANSACTION DESCRIPTION | | TRANSACTION AMOUNT | BALANCE AFTER TRANSACTION |
|---|---|---|---|---|---|---|
| 798 | 07-06-2004 | 37 | POSTAGE | | | |
| | | | | | -2.44 | 119.73 |
| 8189 | 07-07-2004 | 32 | GRN COMMISSARY | | | |
| | | | FOR  7/07/2004 | | -14.09 | 105.64 |
| 807 | 07-07-2004 | 10 | MAINTENANCE PAYROLL | | | |
| | | | P[YROLL 6/1/04-6/30/04 | | 15.84 | 121.48 |
| 816 | 07-08-2004 | 31 | OUTSIDE PURCHASES | | | |
| | | | HOLABIRD SPORTS | | -62.90 | 58.58 |
| 829 | 07-09-2004 | 14 | MISCELLANEOUS | | | |
| | | | IGWF #92375 | H097117 | 16.95 | 75.53 |
| 8195 | 07-13-2004 | 32 | GRN COMMISSARY | | | |
| | | | FOR  7/13/2004 | | -19.44 | 56.09 |
| 1006 | 07-29-2004 | 37 | POSTAGE | | | |
| | | | | | -.37 | 55.72 |
| 8211 | 07-29-2004 | 34 | GRN CABLE  TV | | | |
| | | | FOR  7/29/2004 | | -18.96 | 36.76 |
| 8216 | 08-03-2004 | 32 | GRN COMMISSARY | | | |
| | | | FOR  8/03/2004 | | -14.49 | 22.27 |
| 1065 | 08-05-2004 | 10 | MAINTENANCE PAYROLL | | | |
| | | | PAYROLL 7/1/04-7/31/04 | | 15.12 | 37.39 |
| 8223 | 08-10-2004 | 32 | GRN COMMISSARY | | | |
| | | | FOR  8/10/2004 | | -10.06 | 27.33 |
| 8239 | 08-26-2004 | 34 | GRN CABLE  TV | | | |
| | | | FOR  8/26/2004 | | -18.96 | 8.37 |
| 8244 | 08-31-2004 | 32 | GRN COMMISSARY | | | |
| | | | FOR  8/31/2004 | | -7.58 | .79 |
| 8254 | 09-10-2004 | 10 | INMATE EMPLOYMENT | | | |
| | | | GRN PAYROLL 2004 - 08 | | 15.84 | 16.63 |
| 8258 | 09-14-2004 | 32 | GRN COMMISSARY | | | |
| | | | FOR  9/14/2004 | | -16.58 | .05 |
| 1442 | 09-16-2004 | 13 | PERSONAL GIFT FROM | | | |
| | | | ROBERT TAYLOR | H124007 | 20.00 | 20.05 |
| 1467 | 09-20-2004 | 13 | PERSONAL GIFT FROM | | | |
| | | | REGINALD HELMS | H113658 | 10.00 | 30.05 |
| 1536 | 09-28-2004 | 14 | MISCELLANEOUS | | | |
| | | | HOLABIRD SPORTS | H113858 | 3.00 | 33.05 |
| 8272 | 09-28-2004 | 34 | GRN CABLE  TV | | | |
| | | | FOR  9/28/2004 | | -18.96 | 14.09 |
| 1576 | 10-01-2004 | 31 | OUTSIDE PURCHASES | | | |
| | | | MICHAEL E KUNZ, CLERK | | -5.00 | 9.09 |

BALANCE AFTER THESE TRANSACTIONS------> 9.09

CERTIFIED COPY

DATE  10/1/04

Joni Kennedy OTe
Name / Title

**JCJ**

*FILED*

OCT - 7 2004

*Dep. Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 USC §2254

(eff.10/01/02)

JERMEL SHULER _____ **PETITIONER**

(Full name) (Include name under which you were convicted)

                          vs.              CASE NO. _04 cv 4704_

LOUIS FOLINO _____ (supplied by the Court)
                                           **RESPONDENT**

(Name of Warden, Superintendent, Jailor, or authorized
 person having custody of petitioner)
                          and

THE DISTRICT ATTORNEY OF THE COUNTY OF_PHILADELPHIA_____
                          and

THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA ,_____
                              **ADDITIONAL RESPONDENT**
JERMEL SHULER                 DV-8750
_____
**Name**                              **Prison Number**
   S.C.I. - GREENE
_____
**Place of Confinement**

        (If petitioner is attacking a judgment which imposed a
sentence to be served in the future, petitioner must fill in the
name of the state where the judgment was entered.  If petitioner
has a sentence to be served in the future under a federal
judgment which he wishes to attack, he should file a motion under
28 U.S.C.§2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS - READ CAREFULLY

    1. YOU MUST INCLUDE ALL POTENTIAL CLAIMS AND SUPPORTING
FACTS FOR WHICH YOU MIGHT DESIRE TO SEEK REVIEW BECAUSE A SECOND
OR SUCCESSIVE HABEAS CORPUS PETITION CANNOT BE FILED EXCEPT
UNDER VERY SPECIFIC AND RARE CIRCUMSTANCES REQUIRING
CERTIFICATION BY THE THIRD CIRCUIT COURT OF APPEALS AS SET FORTH IN
INSTRUCTION #13.

1

2. YOUR HABEAS CORPUS PETITION MUST BE FILED WITHIN THE 1-YEAR STATUTE OF LIMITATIONS TIME LIMIT SET FORTH IN 28 U.S.C. § 2244(d)(1). (THERE ARE LIMITED CIRCUMSTANCES IN WHICH THE PETITION MAY BE AMENDED, WITHIN THE ONE-YEAR TIME PERIOD, TO ADD ADDITIONAL CLAIMS OR FACTS, SEE FEDERAL RULE OF CIVIL PROCEDURE 15; OR AMENDED AFTER THE ONE-YEAR PERIOD EXPIRES, IN ORDER TO CLARIFY CLAIMS WHICH WERE TIMELY PRESENTED, SEE UNITED STATES v. THOMAS, 221 F.3d 430 (3d Cir. 2000).)

3.  Any false statement of a material fact in your petition, in a motion for leave to proceed in forma pauperis, or in any other motion you file in this case may serve as the basis for prosecution and conviction for perjury.

4.  This petition must be typewritten, printed, or legibly handwritten and signed by you as the petitioner on Page 12.  You should answer all questions concisely in the proper space of the petition.  If you need more room to answer any question, you may write on the reverse blank sides of the petition.

5.  You may not attach additional pages to the petition.  You do not have to list or cite the cases or law that you are relying on.  If you do want to cite the cases and law you are relying on and make legal arguments, you should do so in a separate concise brief or memorandum which should be filed along with the petition.

6.  When you file your petition, you must include a filing fee of $5.00.  If you cannot pay the full filing fee, you must request permission to proceed in forma pauperis as explained in instruction #8.

7.  Your petition will be filed if you have followed these instructions and it is in proper order.   Petitions which are not in proper order will be returned to you with a notation as to what is improper.

8.  To request permission to proceed in forma pauperis without paying the full filing fee, you must completely fill out pages thirteen through twenty of the petition.  You should answer all questions and sign where indicated on Pages 13 and 19.  You should see to it that an authorized prison official completes the certification on Page 20.  You must prove that you cannot pay the full filing fee and other costs because of poverty and a discharge in bankruptcy will not excuse you from this requirement.  The Court will let you know if you may proceed in forma pauperis.

9. Only final judgments entered by one state court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

10. As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition and send it back to you so that you can exhaust all your claims and file your petition again. 28 U.S.C. § 2254(b)(2) provides that if it is perfectly clear that no colorable claims are presented, the federal court can also deny your petition on the merits.

11. As required by 28 U.S.C. § 2254(e)(1), a federal court, when considering your habeas corpus petition, must deem as correct a determination of fact made by a state court unless you rebut the presumption of correctness by clear and convincing evidence. Under 28 U.S.C. § 2254(e)(2), if you have failed to develop the factual basis of a claim in state court proceedings, a federal court cannot hold an evidentiary hearing on that claim unless you show that:

(i) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U. S. Supreme Court, that was previously unavailable, or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

You must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found you guilty of the offense in question.

12. As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that <u>was</u> presented in a prior habeas corpus petition.

13. As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that <u>was not</u> presented in a prior habeas corpus petition unless you show:

(A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U. S. Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish

by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found you guilty of the offense in question.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

14. 28 U.S.C. § 2254(i) provides that ineffectiveness of counsel during post-conviction, habeas corpus and P.C.R.A. proceedings in state or federal court may not be grounds for relief in your petition.

15. When the petition is fully completed, the **original and four copies** must be mailed to the **Clerk of the United States District Court, Room 2609, 601 Market Street, Philadelphia, PA 19106.** You must return all pages, including these instructions.

4

### PETITION

1. (a) **Name and location of court which entered the judgment of conviction under attack:** COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

   (b) **Name of Prosecutor:** LYNNE ABRAHAM

   (c) **Prosecution conducted by District Attorney's Office of** PHILADELPHIA **County**

2. (a) **Date of Judgment of conviction:** JANUARY 25, 1999

   (b) **Indictment number or numbers:** 9801-0300 2/3

   **Term:** N/A **Criminal Case Number:** 9801-0300 2/3

3. **Length of sentence:** LIFE **Sentencing Judge:** STEVEN R. GEROFF

4. **Nature of offense or offenses for which you were convicted:**

   SECOND DEGREE MURDER. BURGLARY, POSSESSION OF INSTRUMENT OF CRIME,

   CRIMINAL CONSPIRACY

5. **What was your plea? (check one)**
   (a) Not Guilty (XX)    (b) Guilty ( )    (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: N/A

6. **Kind of trial: (check one)**
   (a) Jury (XX)    (b) Judge only ( )

7. **Did you testify at the trial?**   Yes ( )   No (XX)

8. **Did you appeal from the judgment of conviction?**
   Yes (XX) No ( )

9. **If you did appeal, answer the following:**

5

(a) Name of court: <u>SUPERIOR COURT OF PENNSYLVANIA</u>

(b) Result: <u>BURGLARY SENTENCE VACATED, ALL OTHER RESPECTS AFFIRMED</u>

(c) Date of Result: <u>OCTOBER 6, 2000</u>

~~If you filed a second appeal or filed a petition for~~
certiorari in the Supreme Court, give details: <u>PETITION FOR</u>
<u>ALLOWANCE OF APPEAL / PA. SUPREME COURT DENIED MAY 29, 2001</u>

10. Other than a direct appeal from the judgment of conviction
and sentence, have you previously filed any petitions,
applications, or motions with respect to this judgment in any
court, state or federal?

                              Yes (XX)    No ( )

11. If your answer to 10 was "yes", give the following
information:

(a) (1) Name of Court: <u>COURT OF COMMON PLEAS PHILADELPHIA COUNTY</u>

    (2) Nature of proceeding: <u>PCRA PETITION</u>

    (3) Grounds raised: <u>INEFFECTIVE ASSISTANCE OF COUNSEL FOR</u>
<u>FAILURE TO FILE MOTION IN LIMINE</u>

    (4) Did you receive an evidentiary hearing on your
petition, application or motion?
            Yes ( )    No (X)

    (5) Result: <u>PETITION DENIED</u>

    (6) Date of result: <u>DECEMBER 4, 2002</u>

6

(7)  Did you appeal the result to a higher court?  Yes( X )  No( )

Court Name(s) _____SUPERIOR COURT_____  Result(s) ____AFFIRMED____  Result Date(s) __2/10/04__

(b) As to any <u>second petition</u>, application or motion give the same information:

    (1) Name of Court: _____

    (2) Nature of proceeding: _____

                        N/A

    (3) Grounds raised: _____

                        N/A

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ( )    No ( )

    (5) Result: _____

                        N/A

    (6) Date of result: _____

    (7)  Did you appeal the result to a higher court? Yes( )  No( )

Court Name(s) _____  Result(s) _____  N/A  Result Date(s) _____

(c) As to any <u>third petition</u>, application or motion, give the same information:

    (1) Name of Court: _____

    (2) Nature of proceeding: _____N/A_____

    (3) Grounds raised: _____

_____

N/A
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
                Yes ( ) No ( )

(5) Result: _____

(6) Date of Result: _____N/A_____

(7) Did you appeal the result to a higher court? Yes( ) No( )

Court Name(s)_____ Result(s) N/A _____ Result Date(s)_____

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____
THE PENNSYLVANIA SUPREME COURT WOULD NOT HAVE ENTERTAINED SAID APPEAL.
_____

_____
_____

12. State concisely every ground on which you claim that you are being held unlawfully. GIVE SPECIFIC FACTS SUPPORTING EACH GROUND

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.
For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all you state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

8

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN PETITIONER'S CONVICTION FOR SECOND DEGREE MURDER.

(Specific FACTS supporting this ground without citing cases or law): THE CIRCUMSTANCES PROVED BY THE COMMONWEALTH DID NOT PROVE THAT THIS PETITIONER WAS INVOLVED AND NOR DID THE EVIDENCE EXCLUDE THE POSSIBILITY THAT SOMEONE ELSE COULD HAVE KILLED THE DECEDENT.


B. Ground two: WHETHER THE EVIDENCE WAS INSUFFICIENT TO FIND PETITIONER

GUILTY OF CONSPIRACY, POSSESSION OF INSTRUMENT OF CRIME AND BURGLARY

(Specific FACTS supporting this ground without citing cases or law):
THERE IS NOTHING IN EVIDENCE TO SUPPORT A FINDING THAT PETITIONER

CONSPIRED WITH CONSPIRATORS TO BURGLARIZE THE DECEDENT'S HOME.

C. Ground three: _____

N/A

(Specific FACTS supporting this ground without citing cases or law):

N/A

N/A

D. Ground four: _____ N/A

(Specific FACTS supporting this ground without citing cases or law):

N/A

10

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:

_____

_____ N/A _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
                    Yes ( )  No (XX

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
        (a) At preliminary hearing: JOSEPH G. CARUSO, ESQUIRE
    """"""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""""

                        """"""""""""""""""""""""""""""""""""""""""""""
        (b) At arraignment and plea: _____

        (c) At trial: JOSEPH G. CARUSO _____

                        """"""""""""""""""""""""""""""""""""""""""""""
        (d) At sentencing: _____

        (e) On appeal: THOMAS L. McGILL, JR., ESQUIRE _____

        (f) In any post-conviction proceeding: PRO SE _____

_____

        (g) On appeal from any adverse ruling in a post-conviction proceeding:

                                11

PRO SE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes (XX) No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No (XX)

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) And give date and length of sentence to be served in future:
N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?    Yes ( ) No ( )
N/A

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _September 29·04_      _Jermal Shuler_
Signature of Petitioner

Signature of Attorney (if any)

12

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JERMEL SHULER,                         )
    Petitioner                     )
                            )
    VS.                            )  NO._____
                            )
LOUIS FOLINO, Superintendent           )
AT THE STATE CORRECTIONAL              )
INSTITUTION AT GREENE AND              )
THE ATTORNEY GENERAL OF THE            )
COMMONWEALTH OF PENNSYLVANIA,          )
    Respondent(s)                  )

**BRIEF IN SUPPORT OF PETITION FOR A WRIT OF HABEAS CORPUS**

    NOW COMES, Jermel Shuler, pro se pursuant to 28 U.S.C. § 2254(d) and presents the following Brief in Support of his Petition for a Writ of Habeas Corpus.

FILED PRO SE BY:

Jermel Shuler
DV-8750
175 Progress Drive
Waynesburg, Pa. 15370

## STATEMENT OF THE CASE

Petitioner was arrested and cahrged with burglary, possessing an instrument of crime, criminal conspiracy and criminal homicide.

On November 30, 1998 Petitioner was convicted by a jury of second degree murder, burglary, possessing an instrument of crime and criminal conspiracy.

On January 25, 1999 Petitioner was sentenced by the Honorable Steven R. Geroff to life imprisonment for the homicide and concurrent sentences of five (5) to ten (10) years for burglary, two and one half ($2\frac{1}{2}$) to five (5) years for possessing an instrument of crime, and five (5) to ten (10) years for criminal conspiracy.

A timely direct appeal was taken in the Superior Court of Pennsylvania at No. 920 EDA 1999. On October 6, 2000 a panel of the Superior Court consisting of DEL SOLE, HUDOCK and STEVENS, JJ. rendered the following decision:

Judgements of sentence for second degree murder, conspiracy, and possession of an instrument of crime are Affirmed. The separate sentence for burglary is Vacated. **COMMONWEALTH V. SHULER**, 767 A.2d 1114 (Pa.Super. 2000).

- 1 -

A timely Petition for Allowance of Appeal was taken in the Supreme Court of Pennsylvania. Said Petition for Allowance of Appeal was Denied. See **COMMONWEALTH V. SHULER**, 782 A.2d 544 (Pa. 2001). On May 30, 2002 Petitioner filed a timely PCRA Petition in the Court of Common Pleas of Philadelphia County.

On December 4, 2002 the Honorable Court Dismissed said PCRA Petition.

A timely appeal was taken in the Superior Court of Pennsylvania at No. 120 EDA 2003. On February 10, 2004 a panel of the Superior Court consisting of BENDER, PANELLA and CAVANAUGH, JJ. Affirmed the Order of the lower Court.

Allowance of Appeal was not sought in the Supreme Court of Pennsylvania.

Petitioner now files this timely Petition for a Writ of Habeas Corpus.

**PETITIONER IS UNLAWFULLY DETAINED PURSUANT TO THE FOLLOWING REASONS:**

Petitioner avers that the issue(s) asserted herein pertaining to the sufficiency of the evidence was timely presented to the Pennsylvania Supreme Court for ruling on the merits thus are exhausted pursuant to 28 U.S.C. § 2254(b).

In order to comply with exhaustion requirement, a state prisoner's claims first must have been fairly presented to all levels of the state courts through direct appeal, collateral review, state habeas corpus proceedings, mandamus proceedings, or other available procedures for judicial review. **BURKETT V. LOVE**, 89 F.3d 135, 137 (3d Cir. 1996). "...the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas [corpus] petition."; **ORBAN V. VAUGHN**, 123 F.3d 727 (3d Cir. 1997). Exhaustion does not require that the highest court rule on the merits of a petitioner's claims; it does however, require that the court be given the opportunity to review them. **BURKETT**, *( F.3d at 141.

Petitioner has presented his claims of insufficiency of the evidence to the Superior Court and Supreme Court of Pennsylvania. Accordingly, Petitioner has met the requirements for exhaustion of state remedies under § 2254(b).

- 3 -

THE CIRCUMSTANCES PROVED BY THE COMMONWEALTH WAS UNCONSTITUTIONALLY
INSUFFICIENT IN VIOLATION OF THE DUE PROCESS CLAUSE.


It is well settled that habeas petitioners may challenge the
sufficiency of the evidence in federal habeas corpus proceedings. See
**TORRES V. MULLIN**, 317 F3d 1145.

The Due Process Clause "protects the accused against conviction
except upon proof beyond a reasonable doubt of every fact necessary
to constitute the crime with which he is charged." **IN RE WINSHIP**,
397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

Petitioner now submits that the Commonwealth failed to present
sufficient evidence to prove beyond a reasonable doubt that this
Petitioner was engaged in any criminal activity resulting in the death
of the decedent.

"A challenge to a state conviction brought on the ground that
the evidence cannot fairly be deemed sufficient to have established
guilt beyond a reasonable doubt states a federal constitutional claim."
**JACKSON V. VIRGINIA**, 443 U.S. 307, 322, 99 S.Ct. 2781, 61 L.ED.2d
560 (1979).

- 4 -

Petitioner asserts that the evidence adduced at trial fails to suppoprt his convictions. In order to analyze this Petitioner's claims the following statutes are applicable:

18 Pa.C.S.A. § 2502 provides that "[a] criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." Section 2502 further provides that perpetration of a felony is "[t]he act of the defendant engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary, or kidnapping."

18 Pa.C.S.A. § 3502 provides that "[a] person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S.A. § 903 provides, in relevant part, the following:

> **(a) Definition of conspiracy.**-A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to committ such crime; or

- 5 -

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

**(c) Conspiracy with multiple criminal objectives.**-If a persons conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship.

**(e) Overt act.**-No person may be convicted of conspiracy to commit a crime unless an overt act in pursuant of such conspiracy is alleged and proven to have been done by him or by a person with whom he conspired.

18 Pa.C.S.A. § 907 provides that "[a] person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ ir criminally." An "instrument of crime" is defined as "[a]nything specially made or specially adapted for criminal use" or "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d).

The only evidence presented at trial to remotely involve Petitioner in these crimes was the testimony of Ms. Wadia Brown who merely indicated that she saw three individuals on the porch of the decedent on November 8, 1997. Ms. Brown did not offer any eyewitness testimony that this Petitioner of his alleged conspirators had engaged in any criminal activity.

- 6 -

Petitioner was not seen in or coming out of the premises nor in possession of items resulting from an alleged burglary. Mere presence (on the porch) without more was too speculative to sustain a conviction for burglary.

There is no evidence to support the conclusion that the three accused were on the premises during the commission of a felony or flight therefrom.

The Medical Examiner, Dr. Preston testified that the time of death of the decedent cannot be established. Unable to state the exact time of death, the Commonwealth of Pennsylvania failed to meet its burden of <u>a reasonable doubt</u> insofar as the time the Petitioner was alleged to be on the porch cannot be rationally connected to the time of death of the decedent without further evidence.

Ms. Brown <u>did not</u> see Petitioner or his alleged conspirators with "instruments of crime" or blood on their bodies, nor was there nay evidence of blood, hair, firngerprints etcetera connecting Petitioner to this crime.

A major gap in the circumstantial testimony from Ms. Brown is that her testimony fails to establish that "tight fit" excluding that no one else could have possibly been on the premises before or after she allegedly saw Petitioner and alleged conspirators on the decedent's porch.

- 7 -

Evidence indicating participation in the crimes charged is required.

Pursuant to the above cited Pennsylvania Statutes there was no evidence to establish that Petitioner was an active participant in any of the crimes charged and Petitioner's alleged presence on decedent's porch is not sufficient to infer that Petitioner conspired to burglarize the premises and/or commit any other crime therein.

Therefor, the circumstances proved by the Commonwealth was unconstitutionally insufficient in violation of the Due Proces Clause.

## CONCLUSION

WHEREFORE, Based upon the foregoing facts, points and authorities Petitioner prays that this Honorable Court will GRANT him a Writ of Habeas Corpus and/or GRANT him an Evidentiary Hearing in this matter and/or GRANT any other relief this Honorable Court deems appropriate.

Dated: September 29, 2004

Respectfully Submitted,

Jermel Shuler

Jermel Shuler
DV-8750
175 Progress Drive
Waynesburg, Pa. 15370

- 9 -