IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMEL SHULER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS FOLIO, et al. | : | NO. 04-4704 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER				March    , 2005
United States Magistrate Judge

Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons stated below, this court recommends that the petition be dismissed because it is barred by the one-year statute of limitations for the filing of a habeas corpus petition.

**I.	BACKGROUND**

On November 30, 1998, a jury sitting in the Court of Common Pleas for Philadelphia County convicted petitioner of second-degree murder, burglary, possession of an instrument of crime and criminal conspiracy. (Phila. C.P. No. 9801-0300). The trial court sentenced petitioner to life imprisonment. The Pennsylvania Superior Court affirmed the judgment of sentence in an unpublished opinion dated October 6, 2000. Commonwealth v. Shuler, 767 A.2d 1114 (Pa. Super. Ct. 2000) (Table). On May 29, 2001, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Commonwealth v. Shuler, 782 A.2d 544 (Pa. 2001) (Table).

On May 30, 2002, petitioner filed a petition pursuant to the Post Conviction Relief Act ("PCRA"). The PCRA court dismissed the petition on December 4, 2002. The Superior

Court affirmed the dismissal of the petition. Commonwealth v. Shuler, 849 A.2d 610 (Pa. Super. Ct. 2004) (Table). The petitioner did not request review by the Pennsylvania Supreme Court.

On October 7, 2004, petitioner filed the instant pro se habeas petition claiming that the evidence was insufficient to sustain the conviction for murder, burglary, possession of an instrument of crime and conspiracy.

On February 16, 2005, the District Attorney for Philadelphia County filed a response in which she argued that the petition should be dismissed as untimely because it was not filed within the one-year statute of limitations as required by 28 U.S.C. § 2244.

## II.  DISCUSSION

Title 28 U.S.C. § 2244(d), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), creates a one-year time limit for filing a habeas corpus petition and in relevant part provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). See generally Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Lovasz v. Vaughn, 134 F.3d 146 (3d Cir. 1998).

Petitioner's conviction became final on August 27, 2001 when the time for seeking certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13; Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (if a defendant does not file a certiorari petition, a judgment of conviction does not become "final" until time for seeking certiorari review expires). See also Johnson v. Hendricks, 314 F.3d 159, 161 (3d Cir. 2002) (same).[1]

The one-year limitation found in 28 U.S.C. § 2244 is statutorily tolled during the period when a timely filed application for state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations was tolled upon the filing of petitioner's PCRA petition on May 30, 2002, with 89 days remaining in the allowable habeas filing period. As noted above, the Superior Court denied petitioner's appeal from the dismissal of the PCRA petition on February 10, 2004 and petitioner did not seek review with the Pennsylvania Supreme

---

[1] 28 U.S.C. § 2244(d)(1)(A) provides that the statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." With respect to the claims asserted in the petition, none of the other possible "start dates" listed in § 2244(d)(1)(B)(C) and (D) apply here. No state action prevented the timely filing of this habeas action; petitioner does not rely on a new rule of retroactively applicable constitutional law; and factual predicates for his claims stem from events that took place during the trial and were discoverable in the exercise of due diligence long ago.

Court. Thus, the remaining habeas limitations period began to run on March 11, 2001. See Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000) (PCRA petition is no longer "pending" upon the expiration of the thirty-day period to file a petition for allowance of appeal). The limitations period, therefore, expired on June 8, 2004. Petitioner's original habeas petition was not docketed until October 7, 2004, four months after the deadline. Accordingly, the petition is untimely and must be dismissed.

Petitioner has not alleged any facts to suggest that the statute of limitations should be equitably tolled. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). In Miller, the court stated the following:

> [E]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Id. at 618-19 (interior quotations and citations omitted). Equitable tolling may be found only when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). See also Johnson v. Hendricks, 314 F.3d 159, 162 (3d Cir. 2002) (reaffirming the principles of equitable tolling enunciated in Jones v. Morton).

Petitioner has not alleged that the Commonwealth of Pennsylvania misled him regarding the required date to file his federal habeas corpus petition. Moreover, petitioner has not alleged that he has "in some extraordinary way" been prevented from asserting his rights.

4

Finally, this is not a case where petitioner timely asserted his rights in the wrong forum. Thus, the one-year statute of limitations cannot be equitably tolled.

For all the above reasons, the court makes the following:

### **R E C O M M E N D A T I O N**

AND NOW, this      day of March, 2005, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED** as time-barred by the statute of limitations, and that <u>no</u> certificate of appealability ("COA") be granted.[2]

BY THE COURT:

_____
THOMAS J. RUETER
United States Magistrate Judge

---

[2] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).